UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAUL JAQUEZ,<br><br>                Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security Administration,<br><br>                Defendant. | Case No.: 18cv536-GPC(BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Dkt. Nos. 14, 15.]** |

On March 14, 2018, Plaintiff Jose Raul Jaquez ("Plaintiff"), proceeding *in forma pauperis* and with counsel, filed this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. (Dkt. No. 1.) Plaintiff filed a motion for summary judgment and Defendant filed a cross-motion for summary judgment. (Dkt. Nos. 14, 15.) On July 2, 2019, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("R&R") that Plaintiff's motion for summary judgment be denied and that Defendant's cross-motion for summary judgment be granted. (Dkt. No. 20.) Plaintiff filed an objection on July 16, 2019. (Dkt. No. 21.) After careful consideration

of the R&R, the objections, the pleadings, the supporting documents, and the applicable law, the Court **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendant's cross-motion for summary judgment.

## Background

On October 15, 2013, Plaintiff filed applications for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act") alleging a disability date of April 24, 2013. (Dkt. No. 12, Administrative Record ("AR") 328-35; 336-41.) Plaintiff alleged disability based on diabetes, diabetic retinopathy, high blood pressure, blood clot on both eyes and surgery on both eyes. (AR 356.) Plaintiff's claims were initially denied on December 12, 2013, (AR 228), and again upon reconsideration on February 20, 2014. (AR 235.)

On May 29, 2014, Plaintiff filed a written request for an administrative hearing. (AR 243.) On April 1, 2016, Plaintiff appeared with counsel and testified before Administrative Law Judge Peter J. Valentino. (AR 122-61.) On May 9, 2016, the ALJ issued a decision finding that Plaintiff was not disabled as defined under Title II and Title VI of the Act. (AR 17-31.) On January 24, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR 1-3.)

On March 14, 2018, Plaintiff commenced the instant action seeking judicial review of the Commissioner's decision. (Dkt. No. 1.) On June 8, 2018, Defendant answered and lodged the administrative record with the Court. (Dkt. Nos. 10, 12.) On July 13, 2018, Plaintiff moved for summary judgment. (Dkt. No. 14.) On August 15, 2018, the Commissioner cross-moved for summary judgment and responded in opposition to Plaintiff's motion. (Dkt. Nos. 15, 16.) On September 10, 2018, Plaintiff filed an opposition to Defendant's cross-motion for summary judgment and a reply to his motion for summary judgment. (Dkt. No. 18.) On October 1, 2018, the Commissioner filed a reply. (Dkt. No. 19.) On July 2, 2019, the Magistrate Judge issued its R&R and Plaintiff filed an objection on July 16, 2019. (Dkt. No. 21.)

**The ALJ Decision**

ALJ Peter J. Valentino applied the five-step sequential framework to determine that Plaintiff was not disabled. (AR 53-64.) He began the analysis finding Plaintiff met the insured status requirement through March 31, 2018. (AR 55.) At step one, the ALJ found that Plaintiff has not engaged in substantial, gainful activity since April 24, 2013. (AR 55.) At step two, the ALJ found that Plaintiff has had the following severe impairments: diabetic retinopathy secondary to insulin dependent diabetes mellitus. (AR 55.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 57.)

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except he is limited to "single eye vision; sans depth perception' sans hazards (such as heights and dangerous machinery); sans concentrated exposure to chemicals or fumes; requires dark glasses for vision protection against bright light; is limited to occasional reaching, handling, and fingering; and occasional fine visual acuity." (AR 58.) Based on the RFC, it was concluded that Plaintiff is unable to perform any past relevant work. (AR 61.) Plaintiff is a younger individual, 29 years old, with limited education and the ability to communicate in English. (AR 61.) At step five, the ALJ determined that considering Plaintiff's RFC, age, education, and work experience, the jobs of usher and counter clerk exist in significant numbers in the national economy that he can perform. (AR 62.) Therefore, the ALJ concluded that Plaintiff has not been under a disability from April 23, 2013 through the date of the decision. (AR 63.)

**Discussion**

**A.    Standard of Review of Magistrate Judge's R&R**

The district court's duties in connection with an R&R of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report . . . to which

objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of an R&R to which neither party objects. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); United States v. Reyna-Tapia, 328 F.3d 114, 1121-22 (9th Cir. 2003) (*en banc*). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Ct., 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Because Plaintiff filed an objection, the Court conducts a *de novo* review of the portions of the R&R to which he opposes and assumes the correctness of the Magistrate Judge's findings of fact of the portions of the R&R to which he does not oppose.

**B.     Standard of Review of the Commissioner's Decision**

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as reasonable to support a conclusion." Id. The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are

functions solely for the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

**C. Analysis**

In his motion for summary judgment, Plaintiff challenges the ALJ's determination at step five arguing that the ALJ erred by relying on the vocational expert's ("VE") testimony that Plaintiff could work as an usher and that determination was not supported by substantial evidence.[1] First, Plaintiff argues that the ALJ improperly failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles[2] ("DOT")/Selected Characteristics of Occupations[3] ("SCO"). Second, he contends the ALJ accepted the VE's testimony without addressing the description of the job of usher by the Occupational Information Network ("O*NET") as requiring near vision at close range, finger dexterity and provides less than full-time work activity. In response, the Commissioner maintains that there was no conflict between the VE's testimony and the DOT, and any alleged conflicts based on other sources were waived because they were not raised before the ALJ. Furthermore, the Commissioner argues, even if challenges to the other sources were not waived, the ALJ did not err by not addressing these sources because he was not required to.

On the first issue, the Magistrate Judge concluded that there was no apparent or obvious conflict between the VE's testimony and the DOT regarding the usher position and the ALJ did not err in failing to resolve a non-existent conflict. (Dkt. No. 20 at 7-8.)

---

[1] The Commissioner does not oppose and concedes Plaintiff's additional argument that the ALJ erred by relying on the VE's testimony that he could perform the work of a counter clerk. (Dkt. No. 15-1 at 7.) However, any error is harmless because the Court concludes that the ALJ did not err as the determination that Plaintiff could work as an usher. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "an ALJ's error was 'inconsequential to the ultimate nondisability determination.'")).
[2] The DOT is a "resource compiled by the Department of Labor that details the specific requirements for different occupations." Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016).
[3] The SCO is a companion publication to the DOT that is published by the Department of Labor. Quesada v. Berryhill, 16cv2716-CAB-KSC, 2017 WL 4518490, at *5 n.2 (S.D. Cal. Oct. 10, 2017).

On the second issue, the Magistrate Judge concluded that the ALJ did not err in relying on the VE testimony without addressing possible conflicts between the testimony and information in the O*NET because Plaintiff waived the issue by not raising it before the ALJ. (Id. at 17.) Alternatively, even if the issue was not waived, the ALJ's decision was supported by substantial evidence. (Id. at 19-21.)

In his Objection, Plaintiff challenges the Magistrate Judge's ruling on part of the second issue contending that the R&R failed to consider the Commissioner's burden of producing evidence at step five demonstrating that the job of usher constitutes substantial gainful activity for a significant number of jobs.[4]

Plaintiff does not object to the R&R's ruling on the first issue and on part of the second issue of whether the ALJ failed to address a conflict between the VE testimony and the description of the job of usher by the Occupational Information Network ("O*NET") concerning near vision at close range and finger dexterity. Accordingly, because no objection has been filed as to these issues, the Court accepts the Magistrate Judge's findings of fact and concludes that the applicable law supports the Magistrate Judge's decision. See Campbell, 501 F.2d at 206.

### 1. Step Five

At step five, the burden shifts to the Commissioner to demonstrate that based on the RFC assessment, as well as the vocational factors of age, education and work experience, Plaintiff can adjust to do "other work" and the Commissioner must provide evidence demonstrating that "other work" exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c); 20 C.F.R. § 416.960(c); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (at step five, the burden shifts to the Commissioner to determine "whether the claimant has the capacity ("RFC") to perform any other substantial gainful

---

[4] Relatedly, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff waived the right to challenge the ALJ's decision based on O*NET because he failed to raise it before the ALJ. Because the Court, alternatively, considered the O*NET evidence presented to the Appeal Council, the Court need not address the waiver issue as the alternative argument fails.

activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled."); Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984) (at step five, the Commissioner must show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform). "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).

Here, the ALJ relied on the VE's testimony. The ALJ can call upon a vocational expert to testify as to: "(1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations.).

Here, the VE testified that based on Plaintiff's RFC, education, age, and work experience, he would be able to do the job of usher with 90,200 jobs available in the national economy. (AR 158.) VE's testimony, by itself, constitutes substantial evidence when responding to a complete hypothetical. Wright v. Colvin, No. CV 12-1893-SP, 2014 WL 5456044, at *4 (C.D. Cal. Oct. 27, 2014). Plaintiff's counsel did not challenge the VE's testimony at the hearing.

Plaintiff requested review of the ALJ's decision to the Appeals Council and submitted additional evidence, including the O*NET OnLine Custom Report for Usher, Lobby Attendants, and Ticket Takers, which allegedly[5] states that 90% of the usher jobs

---

[5] Plaintiff does not cite or provide as a supporting document, and the Court was unable to locate the Duration of Typical Work Week on the O*NET Online Custom Report for Usher, Lobby Attendance, and Ticket Takers (39-3031.00). See https://www.onetonline.org/link/custom/39-3031.00.

work less than 40 hours a week, 7% work more than 40 hours a week and 3% work 40 hours a week. (AR 5, 407.) The Appeal Councils denied his request for review. (AR 1.)

In his Objection, Plaintiff argues that the VE merely testified that Plaintiff could do the job of an usher but failed to testify that the job of usher constituted substantial gainful activity on a regular and continuing basis. (Dkt. No. 21.) Therefore, the ALJ failed to demonstrate that the usher job constitutes substantial gainful activity for a significant number of jobs in the national economy.

In support, Plaintiff refers to O*NET indicating that the usher jobs are part-time positions and cannot constitute substantial gainful activity ("SGA"). Plaintiff also relies on Program Operations Manual System ("POMS") DI 10501.015, Social Security's internal agency document used by employees to process claims. That section includes Tables of SGA Earning Guidelines and Effectives Dates Based on Year of Work Activity and show that for 2016, earnings of $1130/month constitute SGA. https://secure.ssa.gov/poms.nsf/lnx/0410501015 Therefore, according to Plaintiff, in order to constitute substantial gainful activity, at a minimum, the Commissioner had to demonstrate, by evidence, that there exists at least 25,000[6] usher jobs in the national economy making in excess of $1,130.00 per month or 30 hours per week based on $10 per hour minimum wage in 2016.

The Commissioner responds that Plaintiff cites no legal authority that requires the VE to address whether a job identified in the DOT is SGA. Moreover, the Commissioner contends that the SGA described in the POMS section is for purposes of assessing SGA for a claimant "filing for benefits, or by an individual already entitled to benefits" and not used to determine SGA under step five. See POMS DI 10501.001, Meaning of SGA and Scope of Subchapter. The Court agrees. Plaintiff does not provide any legal support that the VE has to testify that "other work" be substantial gainful activity. In addition, POM §

---

[6] Guitierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 in the national economy to be a sufficiently significant number).

8

DI 10501.015(B) has been used to determine whether claimants are currently engaged in SGA under step one, see Jessica J. v. Comm'r of Soc. Sec., No. 18cv5048-JTR, 2019 WL 1560470, at *4 (E.D. Wash. Feb. 11, 2019) (using POMS DI 10501.015 at step one), or whether a claimant's past relevant work was SGA. See Neals v. Colvin, Case No. CV 16-834 JC, 2016 WL 7388524, at *3 (C.D. Cal. Dec. 21, 2016) (using POMS on step four). Plaintiff has not presented any legal authority that POMS has been used at step five to determine whether "other work" constitutes SGA. Moreover, POMS does not impose any judicially enforceable duties on this Court or the ALJ. Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010). The POMS are only entitled to "respect" and only to the extent they have the "power to persuade." Id.; see also Moore v. Apfel, 216 F.3d 864, 868–69 (9th Cir. 2000) (declining to review allegations of noncompliance with internal agency manual because such a manual "does not carry the force and effect of law."); Carillo-Years v. Astrue, 671 F.3d 731, 735 (9th Cir. 2011) (ALJ did not err by failing to make explicit findings of diligence as provided in POMS). Therefore, Plaintiff's argument that the Commissioner had to demonstrate that an usher position is SGA by showing that a claimant would earn at least $1,130 per month in 2016 is not legally supported.

Ninth Circuit authority and the regulations require that at step five, the ALJ can rely on the testimony of a vocational expert as to "(1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." Tackett, 180 F.3d at 11101; 20 C.F.R. § 404.1560(c); 20 C.F.R. § 416.960(c) (Commissioner has the burden to demonstrate that based on the RFC assessment, as well as vocational factors of age, education and work experience, Plaintiff can adjust to do other work and the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy). Legal authority does not require that the VE testify that the "other work" that a claimant can do constitutes substantial gainful activity; however, the Court notes that at step five the Commissioner has the burden to demonstrate that Plaintiff is unable to engage in any

9

substantial gainful activity which exists in the national economy considering the claimant's age, education and work experience and RFC. See 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he . . . cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .").

The Ninth Circuit has not addressed whether the ALJ can consider the availability of part-time work on step five. See Wright v. Colvin, No. CV 12-1893, SP, 2014 WL 5456044, at *6 (C.D. Cal. Oct. 27, 2014) (Ninth Circuit has not directly addressed issue of whether ALJ can consider part-time work on step five); De La Cruz v. Astrue, No. 08cv782 DLB, 2009 WL 1530157, at *9 (E.D. Cal. May 28, 2009) ("While it is not necessarily clear in the Ninth Circuit whether part-time work constitutes 'other work' at step five . . . .") In Wright, the plaintiff argued that the VE impermissibly included part time work in the job numbers yet the VE did not testify to that fact and Plaintiff did not pose the question to the VE. Wright, 2014 WL 5456044, at *6. Alternatively, even if the VE considered part-time jobs, the court noted there is no legal authority stating that the ALJ cannot consider part-time work in step five. Id. The district court in Wright, relying on other circuits that have held that the ALJ may consider part-time jobs, concluded that the ALJ's step five determination was supported by substantial evidence. Id. (citing Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 450, n. 6 (2d Cir. 2012) ("We decline to create a per se rule prohibiting an ALJ from considering part-time positions."); Liskowitz v. Astrue, 559 F.3d 736, 745 (7th Cir. 2009) ("[A] VE may . . . testify as to the number of jobs that a claimant can perform without specifically identifying the percentage of those jobs that are part-time" and explaining that the regulations do not state "that a VE may permissibly testify only as to the availability of full-time jobs"); and King v. Astrue, No. C 09-5322-MEJ, 2011 WL 1791553, at *19 (N.D. Cal. May 10, 2011) (rejecting plaintiff's argument that the VE had to distinguish between full-time and part-time jobs because the regulations only require that a significant number of jobs

exist)). Other district courts have also found that it was not improper for the ALJ to consider other work that is available on a part-time basis. See Angelica E. v. Saul, Case No. 18cv1025-MAA, 2019 WL 3531272, at *4 (C.D. Cal. Aug. 2, 2019) (rejecting argument that usher jobs, which are mostly part-time, do not involve substantial gainful activity because the regulations state that part time work can be substantial gainful activity); Pitts v. Colvin, Civil Action No. 16-434, 2016 WL 6217068, at *4 (W.D. Pa. Oct. 25, 2016) (not improper for ALJ to consider election clerk position even it can be performed on a part-time basis).

However in De La Cruz, 2009 WL 1530157, at *9, relying on Bladow v. Apfel, No. 08cv782 DLB, 205 F.3d 356, 359-60 (8th Cir. 2000) and Kelley v. Apfel, 185 F.3d 1211, 1214 (11th Cir. 1999), the district court held that the inclusion of part-time position of school bus monitor as "other work" was not proper. However, the district court's reliance on Bladow and Kelley is not supported because they concerned whether a claimant is disabled based on his ability to perform part time work, Bladow, 205 F.3d at 359 ("Bladow argues that the ALJ improperly found him not disabled based on his ability to perform other work part-time."); Kelley, 185 F.3d at 1214 (describing the Commissioner's stance as "only an ability to do full-time work will prevent a finding of disabled at step five."), and not whether the VE may testify only as to the existence of full-time jobs on step five. See Liskowitz, 559 F.3d at 745 (distinguishing Kelley).

In Liskowitz, the Seventh Circuit noted that "to say that the ALJ may deny benefits only if she finds the claimant capable of some form of full-time work is quite different from saying that only full-time jobs can constitute significant work in the national economy." Liskowitz, 559 F.3d at 745 ("a person who is functionally capable of running professionally should not be deemed disabled simply because some of the jobs that are available for professional runners are part-time jobs.").

11

18cv536-GPC(BGS)

Absent guidance from the Ninth Circuit, cases in other courts dictate that the ALJ may consider part-time jobs as long as they constitute SGA[7] when determining whether Plaintiff can adjust to "other work" that exists in significant numbers in the national economy. In <u>Liskowitz</u>, the court provided guidance as to what a claimant may do to challenge a VE's testimony that the "other jobs" the claimant may do does not constitute SGA.

> a VE may. . . testify as to the numbers of jobs that a claimant can perform without specifically identifying the percentage of those jobs that are part-time. The claimant, of course, may respond to the VE's testimony by offering evidence of [his] own that the jobs the VE identified do not constitute 'substantial gainful work' within the meaning of Section 423(d)(2)(A). There may even be circumstances in which a claimant can accomplish this by showing that a substantial percentage of the jobs that the VE has identified are part-time jobs. However . . . [w]here, as here, the VE identifies a significant number of jobs the claimant is capable of performing and this testimony is uncontradicted (and is otherwise proper), it is not error for the ALJ to rely on the VE's testimony.

<u>Liskowitz</u>, 559 F.3d at 745.

---

[7] The concept of substantial gainful activity involves the amount of compensation and the substantiality and gainfulness of the activity itself. 20 C.F.R. § 404.1532(b); <u>Chicager v. Califano</u>, 574 F.2d 161, 163 (3d Cir. 1978); <u>Keyes v. Sullivan</u>, 894 F.2d 1053, 1056 (9th Cir. 1990) ("A five-hour work day can constitute substantial activity."). According to the regulations,

> Substantial gainful activity is work activity that is both substantial and gainful:
>
> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a **part-time basis** or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572 (emphasis added).

12

Here, Plaintiff presents the O*NET figures as to the duration of a typical work week but the figures do not support his argument that the job of usher does not constitute SGA or does not typically offer a 30-hour work week. O*NET states that most usher jobs typically offer less than 40 hours, not less than 30 hours. It is not clear based on this that the usher job would not constitute substantial gainful activity. Plaintiff has not met his burden challenging the VE's testimony.

Accordingly, the Court ADOPTS the R&R and denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment.

## Conclusion

Based on the above, the Court ADOPTS the R&R and DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for cross-motion for summary judgment. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: September 13, 2019

Hon. Gonzalo P. Curiel
United States District Judge